

FILED _____        _____ RECEIVED
_____ ENTERED       _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL ALAN MESSICK, )
    Petitioner, )    3:08-cv-0066-RCJ-VPC
vs. )    **ORDER**
)
E.K. MCDANIEL, *et al.*, )
    Respondents. )
_____/

    Before the Court is petitioner's Points and Authorities Showing Cause and Prejudice (docket #42), respondents' Response (docket #43) and petitioner's Reply (docket #45).   The briefs address the issue of cause and prejudice related to the procedural default of Ground One of his Second Amended Petition.

### I.    Procedural History

    Following a consolidated jury trial, petitioner was convicted in Clark County, Nevada on June 26, 2003, of first degree murdered with the use of a deadly weapon for the killing of his mother, Hisayo Miller (Case No. C175861), and second degree murder for the killing of his girlfriend, Anne Suazo (Case No. C182306).  Exhibit 85 and 86.[1]  He was sentenced to life without the possibility of parole with an equal consecutive term for the use of the deadly weapon in case

_____

[1] The exhibits referenced herein were filed by petitioner in support of his Petition for Writ of Habeas Corpus and are located in the court's docket at entry Nos. 19-26.

1  C175861 and to life with the possibility of parole after ten years in case C182306 to be served

2  consecutive to the first degree murder sentences.

3          Following the conviction, petitioner filed a timely appeal. Exhibit 87. He raised four

4  grounds for relief. The ground were as follows:

5          It Was Reversible Error for the Trial Court to Grant the
           Prosecution's Motion to Consolidate the Two Separate Cases, under
6          NRS173.115(2) Where the State Failed to Demonstrate That the
           Offenses Were Connected Together or Constituted a Common
7          Scheme or Plan.

8          It Was an Abuse of Discretion for the Trial Court to Summarily
           Deny Appellant Access to the N.C.I.C. Index on Phillip Done When
9          the State Could Not Confirm the Existence or Non-existence of an
           Informant File and There Was No Other Source Available to
10         Appellant.

11         The Statutory Reasonable Doubt Instruction Is Unconstitutional.

12         In Refusing Appellant's Proffered Jury Instruction on Accessory
           after the Fact the Trial Court Deprived Appellant of His Theory of
13         Defense, Due Process of Law and Fundamental Fairness.

14  Exhibit 89. The Nevada Supreme Court affirmed the conviction on February 3, 2005. Exhibit 92.

15         Petitioner moved back to trial court on a petition for writ of habeas corpus, post-

16  conviction, raising multiple claims of ineffective assistance of counsel, prosecutorial misconduct and

17  judicial misconduct or bias. Exhibit 96. Following a hearing and supplemental briefing on a single

18  issue, the court entered its order denying the petition. Exhibit 125. The Nevada Supreme Court

19  upheld the lower court's decision on appeal. Exhibit 128.

20         Petitioner arrived at this court with a petition for writ of habeas corpus pursuant to 28

21  U.S.C. § 2254 on April 11, 2008. Counsel was appointed to assist the petitioner and a First

22  Amended Petition was filed July 18, 2008 (docket #8). After the issue of the statute of limitations

23  was raised with a anticipatory request for tolling, a second amended petition was filed on April 8,

24  2009 (docket #17).  Some time later, when no response had been filed, the Court directed

25  respondents to show cause why the matter had not proceeded (docket #30). Respondents appeared

26

2

1   and pled good cause for the delay.  Thereafter, respondents filed a motion to dismiss the petition

2   (docket #35) on the basis of exhaustion as to Grounds One and Five (E).  In opposing the motion to

3   dismiss, petitioner argued, among other things, that it would be futile to return to the state court to

4   exhaust his claims. *Id.*, p. 7.  As a result, the Court directed that briefing be submitted to address the

5   procedural default of Ground One, which the Court found to be unexhausted (docket #39).  The

6   briefs filed in response to that Order are now before the Court.

7           Ground One of the Second Amended Petition claims:

8           It Was Reversible Error for the Trial Court to Grant the
            Prosecution's Motion to Consolidate the Two Separate Cases.  As a
9           Result, Messick's Conviction and Sentence Are Invalid under the
            Federal Constitutional Guarantees of Due Process under the Fifth
10          and Fourteenth Amendments to the United States Constitution.

11  Second Amended Petition, p. 8.

12  **II.      Legal Analysis**

13          Petitioner argued that he expected the state court's would bar his return to state court

14  to federalize Ground One through the application of NRS 34.726 (timeliness) and 34.810 (successive

15  petitions).

16          "Procedural default" refers to the situation where a petitioner in fact presented a claim

17  to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the

18  merits.   A federal court will not review a claim for habeas corpus relief if the decision of the state

19  court regarding that claim rested on a state law ground that is independent of the federal question and

20  adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

21  The *Coleman* Court stated the effect of a procedural default, as follows:

22          In all cases in which a state prisoner has defaulted his federal claims in
            state court pursuant to an independent and adequate state procedural
23          rule, federal habeas review of the claims is barred unless the prisoner
            can demonstrate cause for the default and actual prejudice as a result of
24          the alleged violation of federal law, or demonstrate that failure to
            consider the claims will result in a fundamental miscarriage of justice.

25

26
                                        3 .

1  | *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

2  |        To demonstrate cause for a procedural default, the petitioner must be able to "show

3  | that some objective factor external to the defense impeded" his efforts to comply with the state

4  | procedural rule. *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have

5  | prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

6  |        With respect to the prejudice prong of cause and prejudice, the petitioner bears:

7  |        the burden of showing not merely that the errors [complained of]
   |        constituted a possibility of prejudice, but that they worked to his actual
8  |        and substantial disadvantage, infecting his entire [proceeding] with
   |        errors of constitutional dimension.
9  |

10 | *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

11 | (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

12 | suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

13 | 528, 530 n.3 (9th Cir. 1988).

14 |        A.      Adequate and Independent Grounds

15 |        "In order to constitute adequate and independent grounds sufficient to support a

16 | finding of procedural default, a state rule must be clear, consistently applied, and well-established at

17 | the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

18 |        Petitioner argues that Nevada's application of NRS 34.810(2) is not consistent and

19 | principled, but, rather, is discretionary. *See* Petitioner's Opposition to Motion to Dismiss

20 | (docket #39), p. 4.

21 |        Contrary to petitioner's argument, the Ninth Circuit Court of Appeals has held

22 | application of the very procedural bars at issue in this case -- NRS 34.726(1) and NRS 34.810 -- to

23 | be independent and adequate state grounds. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th

24 | Cir. 1996) and *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a

25 | strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty

26 |

1  of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248

2  F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*,

3  306 F.3d 742 (9th Cir. 2002) (same).

4       The anticipated procedural bars are adequate and independent state law bases for

5  precluding petitioner from returning to state court on Ground One.

6      B.    Petitioner Fails to Show Cause

7       Petitioner points to ineffective assistance of his trial counsel -- in failing to investigate

8  facts which would differentiate the two murder cases to avoid consolidation, failure to hire experts,

9  failure to object to judicial bias during trial, failure to move to suppress evidence obtained from a

10  search of the victim's (and petitioner's) home, and failing to argue to separate the cases  -- as cause

11  for the procedural default.  Petitioner further argues that the ineffective assistance of appellate

12  counsel in failing to raise on direct appeal a claim addressing the delay in releasing the blood spatter

13  report is evidence that appellate counsel was not "acting in Mr. Messick's best interest, at the level

14  that a reasonably competent appellate attorney should perform" and his failure to federalize ground

15  one concerning the consolidation of the cases was cause sufficient to excuse his procedural default.

16       To demonstrate cause for a procedural default, the petitioner must be able to "show

17  that some objective factor external to the defense impeded" his efforts to comply with the state

18  procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  For cause to exist, the external

19  impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499

20  U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to

21  overcome a procedural default only if the independent claim of ineffective assistance of counsel,

22  itself, has been exhausted in state court. *Murray*, 477 U.S. at 488-89.  Ineffective assistance of

23  counsel cannot serve as cause if the ineffective-assistance-of-counsel claim, itself, has been

24  procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

25       In this case, petitioner's ineffective-assistance-of-counsel claims offered as cause

26

1   have been presented to the state court, with the exception of the assertion that appellate counsel was

2   ineffective for failing to federalize Ground One.  Because the argument was not made to the state

3   court's it is not exhausted and would fall within petitioner's anticipatory default argument along with

4   Ground One.

5           The arguments are not persuasive because the allegations of ineffective assistance of

6   trial counsel are not relevant to a failure to recognize or identify a federal claim in the direct appeal.

7   Even more damaging to the arguments, however, is the fact that appellate counsel did manage to

8   federalize other of his claims on appeal, undermining any suggestion that counsel was unable to

9   directly implicate the federal nature of the claims, if, in fact, he believed a federal claim existed.   For

10  example, on appeal, counsel argued as ground three that "[t]he statutory reasonable doubt instruction

11  is unconstitutional," and as Assignment of Error III, and"[i]n refusing appellant's proffered jury

12  instruction on accessory after the fact the trial court deprived appellant of his theory of defense, due

13  process of law and fundamental failure" as Assignment of Error IV.  Appellant's Opening Brief,

14  filed March 1, 2004 (Exhibit 89).

15  **III.    Conclusion**

16          Petitioner has failed to show cause sufficient to overcome the procedural bar to

17  Ground One of his petition.  As a result, the Court need not consider any arguments of prejudice.

18  *Engle v. Isaac*, 456 U.S. at 134 n.43; *Roberts v. Arave*, 847 F.2d at 530 n.3.

19          The Court finds that Ground One of the Second Amended Petition is unexhausted and

20  procedurally defaulted.  It shall be dismissed.

21          **IT IS THEREFORE ORDERED** that Ground One of the Second Amended Petition

22  is **DISMISSED.**

23

24

25

26

1

2      **IT IS FURTHER ORDERED** that Respondents shall have thirty days to file an
answer to the remaining claims in the petition.  Thereafter, petitioner shall have thirty days to reply.

3      Dated, this 13th day of January, 2011.

4      _____
       UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7